UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EDWARD WORTHY, <br> Plaintiff, <br> v. <br> CITY OF BERKELEY, et al., <br> Defendants. | Case No. 20-cv-05558-EMC   (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 26 |

Plaintiff alleges that on July 11, 2019 he was on his usual walk, at times dancing and playing his silver flute, when an altercation with the police led to his arrest, followed by a 5150 hold. He sues the City of Berkeley, its chief of police and three other officers for a variety of federal and state law claims. ECF No. 1. We are here on a discovery dispute concerning some of the City's requests for production ("RFPs") and interrogatories ("rogs") to Plaintiff. The Court will address each discovery request in turn.

As an initial matter, in discussing questions of privilege, the parties seem to be under the impression that California law applies. It doesn't. When a plaintiff alleges federal and state law claims and the evidence at issue relates to both, federal privilege law applies. *See Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014). Here, all of the discovery requests at issue relate to causation and damages, so they concern every claim; therefore, the federal law of privilege applies.

RFP 8 seeks documents concerning treatment, medical records or bills related to injuries claimed in this lawsuit. These are all plainly relevant and must be produced. By filing suit and

seeking damages for his injuries, Plaintiff has waived his medical privacy objections for these documents. The Court will not repeat this holding for every discovery request discussed below; for all of them, Plaintiff has put the requested information at issue. Note, however, that RFP 8 is expressly limited to injuries "claimed in this lawsuit," so any records concerning other medical issues are not responsive.

RFP 10 seeks documents about any injuries to the same areas of the body that Plaintiff claims in this lawsuit were injured. As of the filing of the Complaint, Plaintiff was 73 years old, so this RFP is overbroad as to time frame. The Court limits the relevant time frame to January 1, 2015 to the present. As discussed at the hearing, this RFP concerns any claimed physical injuries to the body, so if Plaintiff does not claim to have suffered any physical injuries, no documents are responsive.

RFP 11 asks for documents that discuss any loss of income Plaintiff claims in this lawsuit. Those documents are relevant, and Plaintiff must produce them, if he has any.

RFP 19 asks for all documents that discuss any time Plaintiff has been taken into custody for a psychiatric evaluation. This is overbroad as to time frame, but Plaintiff says this only happened twice (in July 2019 and March 2020). The Court agrees that evidence about other 5150 holds in the time period near the 5150 hold at issue in this case is relevant to causation for the damages Plaintiff is seeking, especially damages concerning medical and counseling expenses and emotional distress. By seeking those types of damages, Plaintiff has put any other close-in-time 5150 holds at issue, and the March 2020 5150 is close in time.

Rog 8 asks Plaintiff to describe any mental health condition he already had at the time the incident started. The rog further defines "mental health condition" to mean a diagnosable mental disorder that affects mood, thinking, or behavior, including but not limited to depression, anxiety disorders, schizophrenia, and addictive behaviors. This rog seeks relevant information related to causation and damages. You could argue that it is overbroad as to time if "already had" means any mental health condition he had at any time in his life before the incident, but the Court thinks this rog is asking for any conditions Plaintiff had *as of the time* the incident began.

For the conditions responsive to rog 8, rog 9 then asks for the name, address and phone numbers of all medical providers that treated or counseled him for that condition. This information is relevant, but this rog is overbroad as to time frame. The Court limits the relevant time frame to 2015 to the present.

Rog 10 asks for the date of every voluntary psychiatric evaluation Plaintiff has ever had. This information is relevant, but the time frame is overbroad. The Court limits the relevant time frame to 2015 to the present.

Rog 11 asks Plaintiff to identify all mental health care providers from whom he voluntarily received mental health therapy or counseling since January 1, 2015, and rog 12 asks him to state the approximate time-period and frequency of the therapy or counseling. This is relevant information, and Plaintiff may not withhold it.

Rog 18 asks for each injury that Plaintiff sustained as a result of the incident, what medications he has taken as treatment and for what time period. Plaintiff's existing response is evasive, and he must provide this information.

Rog 19 asks Plaintiff to describe any health insurance coverage he used in obtaining treatment for each injury for which he is seeking damages in this lawsuit, including the name of the entity and his member number. This information is relevant and discoverable and necessary for the service of subpoenas.

Rog 21 asks Plaintiff to describe each instance in which it appeared that the incident damaged his reputation. Since Plaintiff does seek damages for reputational injury, he must answer this rog.

The Court accordingly grants the City's motion to compel and orders Plaintiff to provide the requested documents and information, except as modified above, within 14 days.

As discussed at the hearing, Plaintiff's discovery obligation with respect to RFPs is to produce documents within his possession, custody or control (*see* Fed. R. Civ. Proc. 34(a)(1)) and with respect to rogs, to provide information known or reasonably available to him. Fourteen days is a sufficient amount of time to do this. If Plaintiff can obtain documents or information only by subpoenaing someone else, then the documents are not within his possession, custody or control,

and that information is not reasonably available to him.

**IT IS SO ORDERED.**

Dated: February 23, 2021

THOMAS S. HIXSON
United States Magistrate Judge

4