UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EDWARD WORTHY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY, et al.,<br><br>Defendants. | Case No. 20-cv-05558-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Docket No. 50 |

## I.  INTRODUCTION

Now pending is Defendants' motion for leave to file motion for reconsideration of two issues in the Court's summary judgment order.  Docket No. 50 ("Motion").  For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' motion.

## II.  LEGAL STANDARD

A.  Motion for Reconsideration (N.D. Cal. L.R. 7-9)

Pursuant to N.D. Cal. Local Rule 7-9, a party moving for leave to seek reconsideration of an interlocutory order must show reasonable diligence in bringing the motion, and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court

before such interlocutory order.

L.R. 7-9(b).

### III. ANALYSIS

Defendants filed the pending motion on November 24, one day after the Court entered its order granting in part and denying in part Defendants' motion for summary judgment. *See* Docket Nos. 49, 50. Thus, Defendants have shown reasonable diligence in moving for reconsideration. *See* L.R. 7-9(b). The Court addresses Defendants' two requests for reconsideration in turn:

A. Defendant Chief Greenwood's Motion for Summary Judgment

Defendants note that Defendant former Chief Greenwood moved for summary judgment, but the Court's summary judgment order did not decide his motion one way or another. Motion at 2. Defendants' observation is correct and satisfies L.R. 7-9(b)(3). The Court did not expressly and dispositively decide the motion for summary judgment as to Defendant former Chief Greenwood.

The Court clarifies that Defendant former Chief Greenwood is entitled to summary judgment on all claims in this case. The Court previously held that there was no basis for Plaintiff's theories of supervisory liability. Docket No. 49 ("SJ Order") at 23. But the Court failed explicitly to state that Defendant Greenwood is included in that ruling. The Court now clarifies its summary judgment order and **grants** summary judgment to Defendant Greenwood on all claims.

B. Causation of 5150 Arrest

Defendants contend that Officers Turney and Walther were not the legal cause of Plaintiff's arrest and detention under Cal. Welf. & Inst. Code § 5150 and thus may not be held liable for the remaining causes of action against them – Count 4 (false arrest) and Count 7 (negligence). Motion at 2. In seeking reconsideration, Defendants argue that "the Court did not address Officer Turney and Officer Walther's central argument that there is no evidence that they were the *cause* of Officer Villarroel's decision to 5150 plaintiff." *Id.*

Defendants are not entitled to reconsideration on this ground. Defendants fail to demonstrate "[a] manifest failure by the Court to consider material facts or dispositive legal

arguments which were presented to the Court." L.R. 7-9(b)(3). In Defendants' motion for summary judgment, they argued that "Officers cannot be held liable merely for being present at the scene of a constitutional violation." Docket No. 38 at 15. The *only* cases Defendants cited in support of their argument examine whether officers may be liable for *federal law* violations under § 1983. *Id.* at 15-16. The Court's summary judgment order held that Officers Turney and Walther were entitled to qualified immunity from liability on Plaintiff's *federal law* § 1983 claims. SJ Order 15-18. Having granted Officers Turney and Walther summary judgment on Plaintiff's federal law § 1983 claims, it was not necessary for the Court to address Defendants' argument that they were not the legal cause of Plaintiff's arrest.

In seeking reconsideration, Defendants argue that Officers Turney and Walther are not liable for Plaintiff's *state law claims* (Counts 4 and 7). Motion at 2. But Defendants did not cite a single case or any other authority in their summary judgment motion holding that an officer is not liable for the state law torts of false arrest and negligence unless they were the "legal cause" of the arrest. And Defendants do not cite any authority so holding in the currently pending motion. Thus, Defendants fail to satisfy L.R. 7-9(b)(3) and are not entitled to reconsideration on this ground.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendants' motion for leave to seek reconsideration, as follows:

- Summary judgment is **granted** to Defendant Greenwood on all counts.
- Defendants' motion for leave to seek reconsideration as to Officers Turney and Walther's liability under state law, Counts 4 and 7, is **denied**.

This order disposes of Docket No. 50.

**IT IS SO ORDERED**.

Dated: December 3, 2021

_____
EDWARD M. CHEN
United States District Judge

3